**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kevin Collins** and **Kira Lang**, <br><br> Plaintiffs, <br><br> vs. <br><br> **Whataburger Restaurants, LLC**, <br><br> Defendant. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiffs, Kevin Collins and Kira Lang ("Plaintiffs"), sue Defendant Whataburger Restaurants, LLC ("Defendant" or "Whataburger") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"); and Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiffs were individuals residing in Maricopa County, Arizona, and is a former employee of Defendant.

8.       At all material times, Whataburger Restaurants, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Whataburger Restaurants, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.       At all relevant times, Defendant Whataburger Restaurants, LLC owned and operated as "Whataburger," a chain of fast-food restaurants doing business in Maricopa County, Arizona.

10.      Under the FLSA, Defendant Whataburger Restaurants, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Whataburger Restaurants, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant.  As a person who acted in the interest of Whataburger in relation to the company's employees, Defendant Whataburger Restaurants, LLC is subject to liability under the FLSA.

11.      At all relevant times, Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12.      The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13.      At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15. At all relevant times, Plaintiffs were "employees" of Defendant as defined by A.R.S. § 23-362.

16. At all relevant times, Defendant was and continues to be an "employer" of Plaintiffs as defined by A.R.S. § 23-362.

17. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

18. Plaintiffs, in their work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19. At all relevant times, Plaintiffs, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiffs, in their work for Defendant, were engaged in interstate commerce.

21. Plaintiffs, in their work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22. Defendant owns and/or operates as Whataburger, an enterprise doing business in Maricopa County, Arizona.

23. Defendant Whataburger Restaurants, LLC operates one or more Whataburger restaurant locations in Maricopa County, Arizona.

24. Plaintiff Kevin Collins was hired by Defendant to work as a Team Member in or around January 2022 and worked a single training during a single workweek.

25. Plaintiff Kira Lange was hired by Defendant to work as a Team Member in or around January 2022 and worked a single training during a single workweek.

26. Each of Plaintiffs' shifts took place on or about January 12, 2022.

27. At all relevant times, in their work for Defendant, Plaintiffs worked as Team Members at the Whataburger located at 1947 W. Broadway Rd., Mesa, AZ 85202.

28. Defendant, in its sole discretion, agreed to pay Plaintiffs an hourly rate of approximately $15.

29. Upon information and belief, Plaintiffs each worked approximately between three and eight hours in their sole workweek of employment with Defendant.

30. Defendant failed to compensate Plaintiffs any wage whatsoever for the hours they spent working for Defendant during the sole workweek of their employment with Defendant.

31. On or about January 12, 2022, Plaintiffs left their employment with Defendant.

32. Shortly after leaving their employment with Defendant, Plaintiffs asked their manager whether they would be paid for the time they worked. In response, Plaintiffs' manager informed Plaintiffs that Plaintiffs had been "lost in the system" and instructed them to contact the area manager.

33. When Plaintiffs asked the area manager about whether they would be paid, the area manager told Plaintiffs that he would "look into it."

34. To date, the area manager has declined to respond further to Plaintiffs' efforts to be paid for the time that they worked.

35. Defendants never sent Plaintiffs checks for the wages they had earned.

36. As a result of not having paid any wage whatsoever to Plaintiffs during their sole workweek of employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiffs.

37. As a result of Defendant's failure to compensate Plaintiffs any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

38. As a result of Defendant's failure to compensate Plaintiffs any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

39. As a result of Defendant's failure to compensate Plaintiffs any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

40. Plaintiffs were non-exempt employees.

41. Defendant refused and/or failed to properly disclose to or apprise Plaintiffs of her rights under the FLSA.

42. Plaintiffs are covered employees within the meaning of the FLSA.

43. Defendant refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

44. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

45. Due to Defendant's illegal wage practices, Plaintiffs are entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

46.  Due to Defendant's illegal wage practices, Plaintiffs are entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

47.  Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for their unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of their unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

48.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

49.  As a result of not paying Plaintiffs any wage whatsoever for the hours they worked in their sole workweek of employment, Defendant failed or refused to pay Plaintiffs the FLSA-mandated minimum wage.

50.  Defendant's practice of failing or refusing to pay Plaintiffs at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

51.  Plaintiffs are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Kevin Collins and Kira Lange, respectfully request that this Court grant the following relief in Plaintiffs' favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

52. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

53. As a result of not paying Plaintiffs any wage whatsoever for the hours they worked in their sole workweek of employment, Defendant failed or refused to pay Plaintiffs the Arizona minimum wage.

54. Defendant's practice of failing or refusing to pay Plaintiffs at the required minimum wage rate violated the AMWA, 23-363.

55. Plaintiffs are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Kevin Collins and Kira Lange, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiffs reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES DUE AND OWING

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57. As a result of the allegations contained herein, Defendants did not compensate Plaintiffs wages due and owing to them.

58. Such unpaid wages include Plaintiffs' hourly rate.

59. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

60. As such, unpaid wages for such time and commissions Plaintiffs worked are owed to Plaintiffs.

61. Plaintiffs are therefore entitled to compensation for his unpaid wages at an hourly rate to be proven at trial, in an amount that is treble the amount of their unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiffs, Kevin Collins and Kira Lange, requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiffs;

B. For the Court to award an amount that is treble Plaintiffs' unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

1     D.    For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 1st day of June, 2022.

                              BENDAU & BENDAU PLLC

                              By: /s/ *Clifford P. Bendau, II*
                              Clifford P. Bendau, II
                              Christopher J. Bendau
                              *Attorneys for Plaintiff*

# VERIFICATION

Plaintiffs, Kevin Collins and Kira Lange, declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, they believe them to be true.

*Kevin Collins*
Kevin Collins

*Kira Lange*
Kira Lange (Jun 1, 2022 12:21 PDT)
Kira Lange